## Commonwealth v. Eyler

*Robert G. Teeter, Assistant District Attorney,* for Commonwealth.

*Roger J. Ecker,* for defendant.

MacPHAIL, *P.J.,* November 14, 1977 — In this summary appeal defendant was found guilty by a district justice of the peace of violating section 1012(a) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P. S. §1012. The citation issued to defendant by the arresting officer charged him with violating section 1012(f) of the code.

In the space provided on the citation form for nature of the offense, these words appear: "Defendant did indicate by signals a left turn and the(n) did make a right turn resulting in an accident. Filed on info received."

Prior to the hearing before the district justice of the peace, defendant filed a motion to quash the citation because it referred to the incorrect subsection. The district justice of the peace overruled the motion to quash and permitted the arresting officer to amend the citation by substituting subsection (a) for subsection (f).

When the appeal was called for hearing de novo before us, defendant renewed his motion to quash on the ground that the action of the district justice of the peace in permitting the amendment was error. Defendant's procedure in raising this matter by appeal is now permitted under Pa. R. Crim. P. 67. We took the motion under advisement and held a de novo hearing.

We believe the motion to quash must be sustained. The procedural rules in question are Pa. R. Crim. P. 132(6)(b) and Pa. R. Crim. P. 150. Rule 132(6)(b) provides that in a summary case the citation shall set forth the specific section *and subsection* of the statute allegedly violated *together with* a summary of the facts sufficient to advise defendant of the nature of the offense charged. Rule 150 provides that no case shall be dismissed because of any *informal* defects in the citation but that such defects may be remedied by amendment. There seems to be no doubt that the citation here in issue was defective. The crucial question is whether the defect was informal or substantive. In the comment to Rule 150 it is said that an "informal defect" refers to errors which do not prevent the substantive content of the document from being plainly understood. A "substantive defect," the comment states, is a defect in which defendant's identity cannot be determined or in which the offense is not properly described.

In Commonwealth v. Zajacz, 54 D.&C. 2d 146 (1971), President Judge Heimbach held that where the citation alleged the violation of section 1008(e) of The Vehicle Code and the charge was amended to show a violation of section 1008(b), there was a "fatal jurisdictional defect." Judge Heimbach said that where there is a "substantive defect" in the citation, the defendant should be discharged under the rules of criminal procedure. The fair implication from his short opinion is that citing an incorrect subsection is a "substantive defect." We can find no appellate cases on point.

Two cases have construed subsection (e) of sec-

tion 1002 of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 P. S. §1002. The language of that subsection was as follows: "(e) In every information charging violation of this section, reference shall be made to this section and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven."

Both Commonwealth v. Hoover, 23 Cumberland 13 (1972), and Commonwealth v. Redding, 10 Adams 93 (1968), held that the foregoing language was mandatory and that an incorrect citation of the specific subsection alleged to be violated constituted a fatal defect. The Hoover case, supra, also held that the incorrect citation of a subsection could not be remedied by amendment under the provisions of Pa. R. Crim. P. 114, now Pa. R. Crim. P. 150.

The Commonwealth argues in the case now before us that the citation of the incorrect subsection did nothing which could have surprised defendant since the description of the offense itself was written in words defendant could understand. On the other hand, defendant argues just as forcefully that the specification of the subsection alleged to be violated is a part of the "substantive content of the document" (see comment to Rule 150) and that the description of the offense when compared with the language of the erroneous subsection would certainly prevent the defendant from plainly understanding the content thereof.

Since we have some case authority to support the conclusion that the defect is substantive and in view of the fact that the Commonwealth's argument to the contrary is without supporting author-

ity, we will hold that the failure to cite the correct subsection in a citation is a substantive defect which is not amendable under the provisions of Pa. R. Crim. P. 150(a). It is noted that the Commonwealth is provided with a remedy in subsection (b) of Rule 150 where the error is discovered within the time permitted for the filing of another citation. Also, it is noted that our disposition of the case in this manner permits the Commonwealth to appeal from our decision and until an appellate court does rule on the question, the trial courts and the police will be left without guidance.

## ORDER OF COURT

And now, November 14, 1977, defendant's motion to quash is sustained and defendant is discharged. Costs to be paid by the county.